UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES SCHWAB & CO., INC.,

        Plaintiff,

vs.                                            Case No. 8:05-cv-2267-T-24-TGW

RONALD LUMLEY and
CHRISTOPHER BLANCETT, individually,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon Plaintiff's, **CHARLES SCHWAB & CO., INC.** ("**SCHWAB**") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. No. 3). Upon due and careful consideration of the Complaint, the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting Affidavit, and Plaintiff's Memorandum and Supplemental Memorandum in Support of Emergency Motion and being otherwise advised in the premises, the Court does hereby find as follows:

    1.    Under Section 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, and the authority of the holding in *American Express Financial Advisors v. Makarawicz*, 122 F.3d 936 (11th Cir. 1997), **SCHWAB** has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

    2.    There is cause to believe that the rights of **SCHWAB** with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with Defendant**s RONALD LUMLEY** ("**LUMLEY**") and **CHRISTOPHER BLANCETT ("BLANCETT")** are being and may continue to be violated by Defendants unless said Defendants are restrained in the manner set forth herein.

3. Plaintiff **SCHWAB** will suffer irreparable harm and loss if **LUMLEY** and **BLANCETT** are permitted to: (a) convert property of **SCHWAB** to their own personal use and benefit, and that of their new employer, **RAYMOND JAMES & ASSOCIATES, INC.**, and (b) solicit **SCHWAB** clients to transfer their business to a competitor firm and if Defendants are not immediately enjoined without further notice or hearing.

4. Plaintiff **SCHWAB** has no adequate remedy at law.

5. Greater injury will be inflicted upon Plaintiff **SCHWAB** by the denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

ORDERED AND DECREED THAT:

1. Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is effective as of 1:30 p.m. this 12th day of December, 2005. Plaintiff shall post security with the Clerk of this Court in the amount of $25,000.00 no later than the 13th day of December, 2005.

2. **LUMLEY** and **BLANCETT** be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of **RAYMOND JAMES & ASSOCIATES, INC.**, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a) soliciting or otherwise initiating any further contract or communication with any client of **SCHWAB** whom **LUMLEY** and **BLANCETT** served or whose name became known to **LUMLEY** and **BLANCETT** while in the employ of **SCHWAB**, for the purpose of advising said clients of their new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from **SCHWAB**;

(b) soliciting or otherwise initiating any further contact or communication with any client of **SCHWAB** whose records or information **LUMLEY** and **BLANCETT** used in violation of their

Employment Agreements. This specifically includes any client whom **LUMLEY** and **BLANCETT** may have contacted by mail, phone or otherwise through the use of any information obtained by **LUMLEY** and **BLANCETT** while in the employ of **SCHWAB** (excluding **LUMLEY's** and **BLANCETT's** family and relatives and those individuals specifically identified on Exhibit "B" of Defendants' respective Confidentiality, Nonsolicitation and Assignment Agreements);

(c) Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of **SCHWAB** or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

(d) Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in **LUMLEY's** and **BLANCETT's** possession or control which were obtained from or contain information derived from any **SCHWAB** records, which pertain to **SCHWAB** clients whom **LUMLEY** and **BLANCETT** served or whose names became known to Defendants while employed by **SCHWAB**, or which relate to any of the events alleged in the Complaint in this action.

3. **LUMLEY** and **BLANCETT**, and anyone acting in concert or participation with **LUMLEY** and **BLANCETT**, specifically including **LUMLEY's** and **BLANCETT's** counsel and any agent, employee, officer or representative of **RAYMOND JAMES & ASSOCIATES, INC.**, are further ordered to return to **SCHWAB's** Florida counsel any and all records, documents and/or other types of information pertaining to **SCHWAB** customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to **LUMLEY** and **BLANCETT** or their counsel of the terms of this Order.

4. Any and all Customer Information within the possession, custody or control of **LUMLEY** and **BLANCETT** that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a **SCHWAB** representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. **LUMLEY** and **BLANCETT** and anyone acting in concert with **LUMLEY** and **BLANCETT**, are precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to **SCHWAB** pursuant to paragraph 3 above.

5. In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until 1:30 p.m. December 27, 2005, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6. Plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7. Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

8. This Temporary Restraining Order is entered this 12th day of December, 2005 at 1:30 p.m., in Chambers in Tampa, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

9. Pursuant to 28 U.S.C. § 636, Schwab's Motion for Preliminary Injunction (Doc. No. 3-2) is hereby **REFERRED** to Magistrate Judge Thomas G. Wilson, who shall hold a hearing on

the motion and submit proposed findings of fact and a recommendation as to the appropriate disposition of the motion.

10.     A hearing on Schwab's Motion for Preliminary Injunction (Doc. No. 3-2) shall be held on **Friday, December 23, 2005 at 2:00 p.m.** before the Honorable Thomas G. Wilson in Courtroom 12A of the Sam M. Gibbons U.S. Courthouse, located at 801 North Florida Ave, Tampa, Florida 33602;

11.     Schwab is directed to obtain immediate service of process on Defendants. In addition to the summons and complaint, Schwab must also serve all motions, briefs, affidavits, and exhibits submitted to the Court, as well as such additional affidavits or other papers upon which it will rely in seeking to convert the temporary restraining order into a preliminary injunction.

DONE AND ORDERED at Tampa, Florida, this 12th day of December, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Thomas G. Wilson